■ In the Matter of METROPOLITAN ASSOCIATES LIMITED PARTNERSHIP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [600 NYS2d 44] —Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered May 20, 1992, denying the petition to annul an administrative order, reversed, on the law, the petition is granted, the order is annulled, and the matter is remanded to respondent for further evidentiary hearing, without costs.

The thrust of the administrative determination of this multiple tenants' application for decrease in rent was that petitioner-landlord had deprived its tenants of a "required" service, namely, their individual roof-top television antennas, for which they had purportedly been paying an increased rent. (Initially, the agency had erroneously taken the position that petitioner had removed a television master antenna from the roof.) The reduction of this purported building-wide service resulted in respondent's direction of rent reduction for all 25 apartments, even though proof of such diminution was established for only one of those tenants.

On request for reconsideration, petitioner claimed that these individual antennas had been removed only temporarily, to facilitate repair of the roof and parapet wall, and upon completion of the work some tenants reinstalled their own antennas, while others signed statements indicating that they no longer wanted their own roof-top antennas. Still others opted to be hooked up to cable television. Another 15 were challenged on the ground that they were not tenants in occupancy at the time the multiple complaint was signed, or that they had converted their tenancies to cooperative ownership, thus divesting respondent of jurisdiction to consider their complaints. Respondent denied reconsideration, on the ground that petitioner's commencement of this CPLR article 78 proceeding divested that agency of jurisdiction for further administrative review.

The IAS Court denied the landlord's petition on grounds that cooperative shareholders are not entitled to rent reduction because they pay a set maintenance fee, and thus petitioner had not been harmed; further, petitioner should be precluded from challenging at this stage the right of some of the tenants to join the multiple complaint because the issue could have been raised during the initial administrative hearing.

We disagree. The administrative review addressed the question of whether a number of tenants had been denied their rights to individual antennas on the roof. The failure to produce evidence concerning the rights of all but one of those tenants renders the administrative determination irrational. A remand for further evidentiary consideration is required. Concur—Murphy, P. J., Milonas, Wallach and Kassal, JJ.